UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BETH HARRISON<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APD ENGINEERING & ARCHITECTURE, PLLC<br>AND DANIEL SARGENT<br><br>　　　　Defendants. | **COMPLAINT**<br><br>Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Beth Harrison, by and through undersigned counsel, alleges as follows against Defendants APD Engineering & Architecture, PLLC ("APD"), and Daniel Sargent as follows:

## PRELIMINARY STATEMENT

1.	This is an action arising under the New York State Human Rights Law (HRL) and the Age Discrimination in Employment Act (ADEA). Defendants terminated Plaintiff because of her age.

## PARTIES

2.	Plaintiff Beth Harrison resides in Bloomfield, NY.

3.	Upon information and belief, Defendant APD Engineering & Architecture, PLLC has a principal place of business located at 615 Fishers Run, Victor, New York 14564, and is considered an "employer" under the ADEA and HRL.

4.	Upon information and belief, Daniel Sargent is Defendant APD's CEO and President, and is considered an employer under the HRL.

1

## JURISDICTION AND VENUE

5. This Court maintains subject matter jurisdiction over this action because it involves federal questions concerning the deprivation of Plaintiff's rights under the ADEA.

6. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's related claims arising under New York State law.

7. Pursuant to 28 U.S.C. § 1391, venue is proper because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this District.

8. Plaintiff has performed all conditions precedent to asserting her claims under the ADEA.

## FACTUAL BACKGROUND

9. Harrison began working for APD on or around October 27, 2015 with the title of marketing manager.

10. Part of her job responsibilities as marketing manager included, among other things, preparing and executing APD's marketing plan and objectives.

11. In or around 2021, Sargent first asked Harrison when she might retire. Harrison responded, in sum or substance, that "I don't know, I like my job and I envision working for awhile."

12. After 2021, Sargent asked or commented about Harrison's potential retirement on a regular basis. When Sargent asked when Harrison was going to retire, she responded, in sum or substance, that she liked her job and envisioned working for awhile, or that she might retire in 3-5 years. Sargent's responses to Harrison included that she would be retiring sooner, and that APD needed to hire someone for her succession plan.

13. On or around April 2022, Harrison hired Jennifer Lathrop with the title of marketing coordinator. After hiring Ms. Lathrop, Sargent would ask Harrison if she thought that Lathrop could perform the duties of Harrison's position, and informed Harrison, in so many words, that she needed to train Lathrop how to perform Harrison's duties.

14. In or around December 2022, Harrison was promoted to Director of Marketing.

15. In or around 2023, part of Harrison's job duties included writing the job posting to advertise for an HR director. Harrison applied for the HR position; another person was hired in or around December 2023.

16. Harrison received her 2023 annual performance review in a meeting with Sargent in or around January 2024. During this meeting:

   a. Sargent stated, in sum or substance, that because Harrison never complained about pay and was not hired for the HR position, APD would reward her with a raise of approximately $7 per hour.

   b. Sargent also asked Harrison how many years she had left to work for APD, to which Harrison responded, in sum or substance, that, "I do not know, I like my job and want to keep working."

   c. In response, Sargent said, in sum or substance, that APD needed a succession plan for Harrison, and directed her to advertise a marketing intern opportunity with the goal to hire the intern full-time after the internship.

17. Soon afterwards, APD hired Erin Noger as a marketing intern. After Erin was with APD for approximately two weeks, Harrison gave Noger positive reviews, and stated that APD should make Noger an offer for full-time employment at the end of her internship.

18. On or around February 13, 2024, Harrison arrived for work and became aware that Sargent and Troy Lafler, APD's Chief Financial Officer, were waiting to meet her in a conference room. When she entered, Sargent informed Harrison, in sum or substance, that it was not an easy decision but APD was terminating her employment. After Harrison asked why, Sargent responded, in sum or substance, that, "our goals don't align anymore" and "this last time was the final straw." Harrison asked what the "final straw" was. Sargent did not directly answer the question, but responded that Harrison was not a "culture fit."

19. Upon information and belief, within a few weeks after Harrison's termination, Ms. Lathrop and Ms. Noger together assumed Harrison's former duties. Both are younger than Harrison.

20. Harrison also believes that her termination was because of her age because when in the process of hiring an architect for APD, Sargent would occasionally make comments that certain architects were "too old" after reading their resumes.

## FIRST CAUSE OF ACTION
### Age Discrimination
### in violation of the HRL and ADEA

21. All paragraphs of this Complaint are incorporated herein.

22. At the time Plaintiff was terminated from APD, she was an individual at least 40 years of age.

23. At the time Plaintiff was terminated from APD, she was qualified for her position.

24. Defendant APD unlawfully and willfully terminated Plaintiff because of her age.

25. Defendant Sargent aided and abetted the unlawful termination of Plaintiff.

4

26. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages to the greatest extent permitted by law, including interest, costs, expenses, and reasonable attorney's fees.

## SECOND CAUSE OF ACTION
### Retaliation in violation of the HRL and ADEA

27. All paragraphs of this Complaint are incorporated herein.

28. Plaintiff engaged in protected conduct by opposing Sargent's reoccurring suggestions that she should retire soon. *See, e.g., Crawford v. City of Nashville*, 555 U.S. 271 (2009) (defining "oppose").

29. Defendant APD unlawfully and willfully terminated Plaintiff because of such protected conduct.

30. Defendant Sargent aided and abetted the unlawful termination of Plaintiff.

31. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages to the greatest extent permitted by law, including interest, costs, expenses, and reasonable attorney's fees.

## REQUESTS FOR RELIEF

Plaintiff Beth Harrison respectfully requests that this Court enter a judgment:

A. Reinstating Plaintiff to her former employment with APD, along with full backpay and all prior benefits and rights;

B. Awarding compensatory and punitive damages, civil penalties, liquidated damages, and other statutory relief and damages in an amount to be determined at trial, including without limitation back pay, front pay, lost wages, benefits, and other renumeration;

C. Awarding Plaintiff costs, disbursements, pre- and post-judgment interest, and reasonable attorney's fees; and

D. Granting other relief as is just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all matters triable by jury.

Case 6:25-cv-06831   Document 1-1   Filed 12/30/25   Page 6 of 6

Dated: December 30, 2025          **GREGORY L. SILVERMAN, ESQ., PLLC**

         By:    s/ Gregory L. Silverman
               118 Genesee St.
               Geneva, NY 14456
               Tel: (585) 480-6686
               greg@silverman-law.com
               *Attorney for Plaintiff Beth Harrison*

Case 6:25-cv-06831   Document 1-1   Filed 12/30/25   Page 6 of 6

6