UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BETH HARRISON,

                              Plaintiff,

    v.

APD ENGINEERING & ARCHITECTURE, PLLC and
DANIEL SARGENT,

                              Defendants.

**ANSWER**

Case No.  6:25-CV-06831

      Defendant, APD Engineering & Architecture, PLLC ("Defendant APD"), as and for its Answer to Plaintiff's Complaint, by its attorneys Underberg & Kessler LLP, respectfully states as follows:

    1.    With respect to paragraphs 1, 5, 6, 7 and 28 of Plaintiff's Complaint, Defendant APD denies those allegations on the grounds that they call for a legal conclusion.

    2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2, 8, 20, 22 and 30 of Plaintiff's Complaint.

    3.    With respect to paragraph 3 of Plaintiff's Complaint, admits that Defendant APD has a principal place of business located at 615 Fishers Run, Victor, New York 14564 and the remainder of the allegations therein state legal conclusions to which no answer is required.

    4.    With respect to paragraph 4 of Plaintiff's Complaint, admits that Defendant Daniel Sargent is Defendant APD's CEO and President, and the remainder of the allegations therein state legal conclusions to which no answer is required.

5.      Admits the allegations contained in paragraphs 9, 10, 14 and 15 of Plaintiff's Complaint.

6.      Denies the allegations contained in paragraphs 11, 12, 18, 19, 23, 24, 25 and 29 of Plaintiff's Complaint.

7.      With respect to the allegations contained in paragraph 13 of Plaintiff's Complaint, admits that on or around April 2022, Harrison hired Jennifer Lathrop with the title of marketing coordinator, and denies the remaining allegations contained therein.

8.      With respect to the allegations contained in paragraph 16 of Plaintiff's Complaint, admits that Harrison received her 2023 annual performance review in a meeting with Defendant Sargent in or around January 2024, and denies the remaining allegations contained therein.

9.      With respect to the allegations contained in paragraph 17 of Plaintiff's Complaint, admits that APD hired Erin Noger as a marketing intern and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations therein.

10.     Denies the allegations as to facts contained in paragraphs 26 and 31 of Plaintiff's Complaint as they relate to Defendant APD and denies knowledge or information sufficient to form a belief as to the truth of the allegations referring to or relating to the other Defendant. To the extent that the paragraphs make allegations of law, and not assertions of fact, no responses are necessary, as the law applicable to this matter shall be determined by the Court at the time of trial, and further deny any inference therein that Defendant APD violated any state or federal law, rule or regulation.

11.     With respect to the allegations contained in paragraphs 21 and 27 of Plaintiff's Complaint, Defendant APD repeats and realleges its responses to each of the paragraphs incorporated by reference in paragraphs 21 and 27 of Plaintiff's Complaint.

12.    Denies any and all allegations of Plaintiff's Complaint not heretofore admitted, denied or controverted.

## FIRST AFFIRMATIVE DEFENSE

13.    The claims are barred, in whole or in part, and/or recovery is precluded by the pertinent statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

14.    Any damages requested by Plaintiff are offset by the culpable conduct of Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

15.    Defendant APD did not willfully or recklessly commit any alleged violation of any federal or state law, the Age Discrimination in Employment Act and/or New York State Human Rights Law.

## FOURTH AFFIRMATIVE DEFENSE

16.    The conduct of Defendant APD in its dealings with Plaintiff was in accordance with federal and state laws, the Age Discrimination in Employment Act and/or New York State Human Rights Law.

## FIFTH AFFIRMATIVE DEFENSE

18.    The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

19.    Plaintiff's alleged damages were not caused by any unlawful policy, custom, practice and/or procedure promulgated and/or permitted by Defendant APD.

### SEVENTH AFFIRMATIVE DEFENSE

20.    Plaintiff has not sustained damages as alleged.

### EIGHTH AFFIRMATIVE DEFENSE

21.    Assuming, *arguendo*, that Plaintiff sustained any damages, she has failed to mitigate them as required by law.

### NINTH AFFIRMATIVE DEFENSE

22.    Plaintiff's causes of action are barred in whole or in part by doctrines of waiver, laches and/or estoppel.

### TENTH AFFIRMATIVE DEFENSE

23.    The Complaint fails to state a claim upon which an award of attorneys' fees and/or damages can be granted.

### ELEVENTH AFFIRMATIVE DEFENSE

24.    Defendant APD's actions toward Plaintiff were at all times fair, in good faith, for good cause and in accordance with all federal, state and local laws, the Age Discrimination in Employment Act and/or New York State Human Rights Law.

Defendant APD reserves the right to raise additional affirmative and other defenses that may subsequently become or appear applicable to the claims and/or to amend this Answer to the Complaint.

**WHEREFORE**, Defendant APD Engineering & Architecture, PLLC demands judgment:

(a) dismissing Plaintiff's Complaint;

(b) granting Defendant's attorneys' fees and costs; and

(c) for such other and further relief as the Court may deem just and proper.

Dated: February 25, 2026
       Rochester, New York

UNDERBERG & KESSLER LLP

_____
Jennifer M. Shoemaker, Esq.
*Attorneys for Defendants*
300 Bausch & Lomb Place
Rochester, New York 14604
Tel.:  (585) 258-2800
jshoemaker@underbergkessler.com

TO:    Gregory L. Silverman, Esq.
       GREGORY L. SILVERMAN, PLLC
       *Attorneys for Plaintiff*
       118 Genesee Street
       Geneva, New York 14456
       Tel.:  (585) 480-6686
       greg@silverman-law.com