UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BETH HARRISON,

                Plaintiff,

v.

APD ENGINEERING & ARCHITECTURE, PLLC and DANIEL SARGENT,

                Defendants.

**ANSWER**

Case No. 6:25-CV-06831

---

        Defendant Daniel Sargent ("Defendant Sargent"), as and for his Answer to Plaintiff's Complaint, by and through his attorneys Underberg & Kessler LLP, respectfully states as follows:

        1.    With respect to paragraphs 1, 5, 6, 7 and 28 of Plaintiff's Complaint, Defendant Daniel Sargent denies those allegations on the grounds that they call for a legal conclusion.

        2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2, 8, 22, and 29 of Plaintiff's Complaint.

        3.    With respect to paragraph 3 of Plaintiff's Complaint, admits that Defendant APD has a principal place of business located at 615 Fishers Run, Victor, New York 14564 and the remainder of the allegations therein state legal conclusions to which no answer is required.

        4.    With respect to paragraph 4 of Plaintiff's Complaint, admits that Defendant Daniel Sargent is Defendant APD's CEO and President, and the remainder of the allegations therein state legal conclusions to which no answer is required.

        5.    Admits the allegations contained in paragraphs 9, 10, 14 and 15 of Plaintiff's Complaint.

6. Denies the allegations in paragraphs 11, 12, 18, 19, 23, 24, 25 and 30 of Plaintiff's Complaint.

7. With respect to the allegations contained in paragraph 13 of Plaintiff's Complaint, admits that on or around April 2022, Harrison hired Jennifer Lathrop with the title of marketing coordinator, and denies the remaining allegations contained therein.

8. With respect to the allegations contained in paragraph 16 of Plaintiff's Complaint, admits that Harrison received her 2023 annual performance review in a meeting with Defendant Sargent in or around January 2024, and denies the remaining allegations contained therein.

9. With respect to the allegations contained in paragraph 17 of Plaintiff's Complaint, admits that APD hired Erin Noger as a marketing intern and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations therein.

10. With respect to the allegations contained in paragraph 20 of Plaintiff's Complaint, Defendant Sargent denies knowledge or information sufficient to form a belief as to the truth or falsity that Harrison also believes that her termination was because of her age, and denies the remainder of the allegations contained therein.

11. Denies the allegations as to facts contained in paragraphs 26 and 31 of Plaintiff's Complaint. To the extent that the paragraphs make allegations of law, and not assertions of fact, no responses are necessary, as the law applicable to this matter shall be determined by the Court at the time of trial, and further deny any inference therein that Defendant Sargent violated any state or federal law, rule or regulation.

12. With respect to the allegations contained in paragraphs 21 and 27 of Plaintiff's Complaint, Defendant APD repeats and realleges its responses to each of the paragraphs incorporated by reference in paragraphs 21 and 27 of Plaintiff's Complaint.

13. Denies any and all allegations of Plaintiff's Complaint not heretofore admitted, denied or controverted.

### FIRST AFFIRMATIVE DEFENSE

14. The claims are barred, in whole or in part, and/or recovery precluded by the pertinent statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

15. Any damages requested by Plaintiff are offset by the culpable conduct of Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

16. Defendant Sargent did not willfully or recklessly commit any alleged violation of any federal or state law, the Age Discrimination in Employment Act and/or New York State Human Rights Law.

### FOURTH AFFIRMATIVE DEFENSE

17. The conduct of Defendant Sargent in his dealings with Plaintiff was in accordance with federal and state laws, the Age Discrimination in Employment Act and/or New York State Human Rights Law.

### FIFTH AFFIRMATIVE DEFENSE

18. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SIXTH AFFIRMATIVE DEFENSE

19. Plaintiff's alleged damages were not caused by any unlawful policy, custom, practice and/or procedure promulgated and/or permitted by Defendant Sargent.

### SEVENTH AFFIRMATIVE DEFENSE

20. Plaintiff has not sustained damages as alleged.

### EIGHTH AFFIRMATIVE DEFENSE

21. Assuming, *arguendo*, that Plaintiff sustained any damages, she has failed to mitigate them as required by law.

### NINTH AFFIRMATIVE DEFENSE

22. Plaintiff's causes of action are barred in whole or in part by doctrines of waiver, laches and/or estoppel.

### TENTH AFFIRMATIVE DEFENSE

23. The Complaint fails to state a claim upon which an award of attorneys' fees and/or damages can be granted.

### ELEVENTH AFFIRMATIVE DEFENSE

24. Defendant Sargent's actions toward Plaintiff were at all times fair, in good faith, for good cause and in accordance with all federal, state and local laws, the Age Discrimination in Employment Act and/or New York State Human Rights Law.

Defendant Sargent reserves the right to raise additional affirmative and other defenses that may subsequently become or appear applicable to the claims and/or to amend this Answer to the Complaint.

**WHEREFORE**, Defendant Daniel Sargent demands judgment:

(a) dismissing Plaintiff's Complaint;

(b) granting Defendant's attorneys' fees and costs; and

(c) for such other and further relief as the Court may deem just and proper.

Dated: February , 2026
      Rochester, New York

                                        UNDERBERG & KESSLER LLP

                                        /s/ Jennifer M. Shoemaker
                                        Jennifer M. Shoemaker, Esq.
                                        *Attorneys for Defendants*
                                        300 Bausch & Lomb Place
                                        Rochester, New York 14604
                                        Tel.: (585) 258-2800
                                        jshoemaker@underbergkessler.com

TO:    Gregory L. Silverman, Esq.
           GREGORY L. SILVERMAN, PLLC
           *Attorneys for Plaintiff*
           118 Genesee Street
           Geneva, New York 14456
           Tel.: (585) 480-6686
           greg@silverman-law.com