## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

**Beth Harrison,**

        Plaintiff,

      v.

**Daniel Sargent and APD Engineering & Architecture, PLLC,**

        Defendants.

**SCHEDULING ORDER**

25-cv-6831-MAV-MJP

**PURSUANT TO** the order of the Hon. Meredith A. Vacca, District Judge, referring the above case to the undersigned for pretrial matters and the entry of a scheduling order under Fed. R. Civ. P. 16(b) and W.D.N.Y. Loc. R. Civ. P. 16, and the parties having submitted a joint discovery plan or motion for an extension of deadline(s), (ECF No. 9), and the undersigned having found good cause pursuant to Fed. R. Civ. P. 16(b)(4), the Court

**ORDERS** that

1.    **Mediation.** This case has been referred automatically to the Court's Alternative Dispute Resolution ("ADR") program. The ADR Plan and related forms and information are available at www.nywd.uscourts.gov and the Court Clerk's office.

    a.    No later than **April 29, 2026**, the parties shall confer and select a mediator, confirm the mediator's availability, ensure that the mediator does not have

a conflict with any of the parties in this case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the Court. If the parties fail to stipulate, the Court shall appoint an ADR neutral.

b. The parties shall file any motions to opt out of the ADR process by **April 15, 2026**.

c. An initial mediation session with the parties' agreed-upon mediator shall be held no later than **June 24, 2026**.

d. Unless otherwise ordered by the Court, referral of this case to mediation will not delay or defer other dates contained in this scheduling order and has no effect on the progress of the case towards trial.

2. **Mandatory disclosures.** The deadline for the parties' compliance with the mandatory initial disclosure requirements of Fed. R. Civ. P. 26 shall be **April 10, 2026**.

3. **Motions to amend.** The parties shall file any motions to amend the pleadings or to add or join any parties no later than **February 16, 2027**.

4. **Close of fact discovery.** The parties shall complete all fact discovery by **January 15, 2027**.

5. **Experts.** The parties shall inform each other by **February 16, 2027**, whether they intend to engage in expert discovery. Plaintiff shall identify any expert witnesses and

serve any expert reports no later than **March 12, 2027**. Defendants shall identify any expert witnesses and serve any expert reports no later than **April 12, 2027**. Plaintiff shall identify any rebuttal expert witnesses and serve any rebuttal expert reports no later than **May 12, 2027**. The parties shall complete all expert discovery, including depositions, by **July 12, 2027**.

6. **Motions to compel.** The parties shall file any motions to compel discovery no later than **January 15, 2027**.

7. **Dispositive motions.** If no party engages in expert discovery, dispositive motions, if any, shall be filed no later than **March 15, 2027**. If any party engages in expert discovery, dispositive motions, if any, shall be filed no later than **September 10, 2027**.

8. **Discovery disputes.** If a discovery dispute arises, the parties shall initially advise the Court of the dispute via letter (with copy to opposing counsel). Upon review of the letter, the Court will generally schedule a conference with the parties to attempt to settle the dispute informally. If the dispute is not resolved informally, the parties will have the opportunity to file a formal motion. This informal discovery dispute process is not expedited motion practice. Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the parties' position. Parties do not waive arguments by failing to raise them in their letter submissions. If a dispute arises during the taking of a deposition that cannot be resolved by the parties, the parties are permitted to contact chambers via telephone from the location of the deposition.

9. **Extensions.** COUNSEL IS DIRECTED TO READ THIS PROVISION CAREFULLY.

   a. When seeking an extension of **any deadline** in this scheduling order, the parties **must file a motion, or letter motion, before the deadline that shows good cause.** Absent truly exceptional circumstances, any motion for an extension should be made at least **one week** before the deadline to be extended.

   b. **The Court will deny any extension request that fails to show diligence.** "[A] finding of good cause depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

   c. **The Court may reject any extension request and require it to be refiled if it does not include specific new dates that fall on a business day.**

10. **Warning.** The undersigned may, on motion or *sua sponte*, impose sanctions where parties willfully ignore or otherwise fail to adhere to this scheduling order under Fed. R. Civ. P. 16(f).

**SO ORDERED.**

Dated:     April 2, 2026
           Rochester, NY          /s/ *Mark W. Pedersen*

                                  MARK W. PEDERSEN
                                  United States Magistrate Judge

4